Filed 5/5/25  P. v. Clark CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B337387 |
| Plaintiff and Appellant, | (Super. Ct. No. 2006036252) (Ventura County) |
| v. | |
| WILLIE RAY CLARK, | |
| Defendant and Respondent. | |

Willie Ray Clark appeals an order denying his petition for recall and resentencing filed pursuant to Penal Code section 745, the California Racial Justice Act of 2020 (the Act).[1]  We conclude that the trial court did not abuse its discretion by denying the recall and resentencing petition because Clark did not make a prima facie showing of a violation of the Act.

On February 24, 2025, appellate counsel filed an opening brief informing this court that she reviewed the record and could not find any arguable issues to raise on appeal.  Counsel

---

[1] All statutory references are to the Penal Code.

requested that we send the opening brief to Clark and inform him of his right to file a supplemental letter or brief or suffer dismissal of the appeal. We so informed Clark and he filed a supplemental brief. We have evaluated the supplemental brief and find no issue of merit. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232 [when appellate counsel has found no arguable issues and the appellant submits a supplemental brief or letter, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].) Accordingly, we conclude that the court properly denied Clark's recall and resentencing petition, and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On February 22, 1996, then 17-year-old Clark entered a Laundromat and concealed himself inside the janitor's room. After the 78-year-old female custodian closed the Laundromat for the evening, Clark sexually assaulted her. A security camera filmed a person entering the Laundromat and concealing himself inside. DNA laboratory testing years later established that Clark was the donor of the fluids obtained from a medical-legal examination of the victim. At a court trial, Clark testified that he had consensual sexual intercourse with the victim that evening.

On January 14, 2008, the trial court convicted Clark of forcible rape and forcible penetration by a foreign object. (§§ 261, subd. (a)(2), 289.) The court also found that he committed the criminal offenses during commission of a burglary; personally used a dangerous or deadly weapon or a firearm during commission of the offenses; and engaged in tying or binding the victim. (§ 667.61, subd. (e) [special allegations].)

As a one strike offender, the trial court sentenced Clark to 25 years to life for the rape conviction and a consecutive six-year

term for the penetration by a foreign object conviction. Clark received 428 days of presentence custody credit. We affirmed the judgment on appeal. (*People v. Clark* (Dec. 3, 2008, B206382) [nonpub. opn.].)

On April 19, 2024, Clark filed a petition for recall and resentencing pursuant to section 745. Clark asserted that he was charged and sentenced more severely because he is African American. Clark did not support his allegations with evidence.

The trial court denied Clark's petition without a hearing or the appointment of counsel. The court ruled: "[Clark's] allegations are not adequately supported by competent evidence and do not meet the required threshold demonstrating an actual violation of the Act. The fact that the Court declined to accept [Clark's] post-conviction invitations to resentence him does not constitute sufficient evidence of bias or animus against [Clark] because of his race, ethnicity, or national origin."

Clark appeals and argues that the trial court abused its discretion by summarily denying his recall and resentencing petition. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 868-869 [petition to recall and resentence reviewed for an abuse of discretion].)

Clark's counsel has requested that we undertake an independent review of the record. We decline this invitation and instead briefly respond to the argument Clark raises in his supplemental brief. (*People v. Delgadillo, supra,* 14 Cal.5th 216, 231-232.)

## DISCUSSION

Section 745 requires a defendant to make a prima facie showing of a violation of the Act. Pursuant to section 745, subdivision (h)(2), a "prima facie showing" means "the defendant

produces facts that, if true, establish that there is a substantial likelihood that a violation of [the Act] occurred."  A "substantial likelihood" requires more than a mere possibility but less than a standard of more likely than not.  (*Ibid.*)  Clark failed to support his allegations with evidence showing a substantial likelihood that a violation of the Act occurred.

*DISPOSITION*

The order denying the recall and resentencing petition is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

4

Catherine M. Voelker, Judge

Superior Court County of Ventura

_____

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.